UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 3:09-cv-00442 (VLB) |
| JOANNE LINARTE, JANE DOE, AND : | |
| JESSICA DOE : | March 8, 2010 |
|     Defendants. : | |

**MEMORANDUM OF DECISION DENYING THE DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND THE DEFENDANTS' ALTERNATIVE MOTION TO STAY [Doc. #25]**

Before the Court is a Motion to Dismiss [Doc. #25] filed by Defendants, Jane and Jessica Doe (hereinafter referred to as the "Doe Defendants") pursuant to 28 U.S.C. § 2201, under the authority of Wilton v. Seven Falls Co., 515 U.S. 277 (1995). The Plaintiff, Mount Vernon Fire Insurance Company (hereinafter referred to as "Mount Vernon"), brought the instant suit nearly a year ago on March 13, 2009, seeking a declaratory judgment that it has no obligation under its policies to indemnify Joanne Linarte ("Linarte") or the Doe Defendants in connection with stipulated judgments that served as resolution of suits filed by the Doe Defendants against Linarte. The Doe Defendants filed the instant motion to dismiss Mount Vernon's complaint or, in the alternative, to stay these proceedings pending resolution of a state court action brought pursuant to Connecticut General Statute §38a-321to enforce the stipulated judgments approximately three months after this case was filed. For the reasons stated hereafter, the Defendants' Motion to Dismiss [Doc. #25] is denied.

**Facts**

The following reflects the facts as they have been alleged in Mount Vernon's Second Amended Complaint [Doc. #12]. Linarte owned and operated a family daycare business from her home in Norwalk, Connecticut. Linarte provided evening daycare services to the Doe Defendants, for approximately 9 years, starting in1994 when the Doe Defendants were both one and one-half years in age. On November 12, 2004, the Doe Defendants, by and through their mother, commenced suit in the Superior Court for the Judicial District of Stamford/Norwalk against Linarte, individually, and against her daycare facility, alleging that Linarte's son, Francisco Linarte, Jr., sexually assaulted and battered the Doe Defendants on numerous occasions between 1996 and 2002. The Doe Defendants sought damages for Linarte's alleged negligent failure to ensure the safety and well-being of children enrolled in her daycare program.

In November 2008, each of the Doe Defendants and Linarte executed a stipulated judgment with Linarte in the amount of $500,000 and also stipulated to an additional $230,000 in prejudgment interest to resolve each action. Linarte also agreed to assign all of her tort-based and contractual claims and rights against Mount Vernon to the Doe Defendants, while the Doe Defendants in turn agreed to pursue collection and satisfaction of their judgments through a direct action against Mount Vernon. On or about November 26, 2008, the Doe Defendants, as judgment creditors, notified Mount Vernon of the stipulated judgments in the underlying actions and threatened to commence a direct action to collect the judgment if Mount Vernon did not pay the judgments within thirty days, or by December 25, 2008. [Doc. #28]. On March 19, 2009, Mount Vernon

filed the instant declaratory judgment action against the Doe Defendants and Linarte seeking a declaration that the insurance policies it issued to Linarte did not provide coverage for the allegations of sexual assault and battery asserted in the underlying actions.  On June 3, 2009, the Doe Defendants commenced a direct action lawsuit against Mount Vernon in Superior Court pursuant to Connecticut General Statute § 38a-321 to satisfy the stipulated judgments. [Doc. #26].  On June 12, 2009, the Doe Defendants filed the [Doc. #26] instant Motion to Dismiss or in the Alternative Motion to Stay Mount Vernon's declaratory judgment action, contending that the Court should decline to exercise its jurisdiction because the coverage issue would be better adjudicated in the direct action brought against Mount Vernon in state court.

Standard

In deciding whether to abstain from exercising jurisdiction over a federal declaratory judgment action in favor of a parallel state court proceeding, a federal court is guided by the Supreme Court's reasoning in Wilton v. Seven Falls Co., 515 U.S. 277 (1995).  Under Wilton, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act (28 U.S.C. § 2201(a))."  Id.

> The Act's distinct features justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the "exceptional circumstances" test set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)…which [did not deal] with declaratory judgments.  On its face, the Act makes a textual commitment to discretion by specifying that a court "*may*" declare litigants' rights (emphasis added), and it has repeatedly been characterized as an enabling Act, which confers

>a discretion on the courts rather than an absolute right upon the litigant.

Id. at 278.

The Court's holding in Wilton did not lay out an exhaustive list of factors that courts must consider but did state that:

>A district court should examine "the scope of the pending state court proceeding and the nature of the defenses open there" [which] entails consideration of "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc."

Id. at 283 (citing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942)). Recently, courts have turned to the Second Circuit's decision in Dow Jones & Co., Inc. v. Harrods, Ltd., 346 F.3d 357 (2d Cir. 2003) which identifies five factors for determining whether a district court should entertain declaratory relief. The first two factors, which were previously articulated by the Second Circuit in Broadview Chem. Corp. v. Loctite Corp. are considerations of: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." 417 F.2d 998, 1001 (2d Cir. 1969). The final three factors consider:

>(1) Whether the proposed remedy is being used merely for 'procedural fencing' or as a 'race to res judicata'; (2) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (3) whether there is a better or more effective remedy.

Dow Jones & Co., Inc., 346 F.3d at 359-60.

Additionally, in Will v. Calvert Fire Ins. Co., the United States Supreme Court determined that "the pendency of an action in the state court is no bar to

4

proceedings concerning the same matter in the Federal court having jurisdiction." 437 U.S. 655, 662 (1978). In that case, the plurality determined that <u>Colorado River</u>, 424 U.S. 800 (1976), "in no way undermined the conclusion…that the decision whether to defer to concurrent jurisdiction of a state court is, in the last analysis, a matter committed to the district court's discretion." <u>Will</u>, 437 U.S. at 664. According to the Supreme Court, the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." <u>Wilton</u>, 515 U.S. 277 at 286.

### <u>Analysis of the Defendants' Motion to Dismiss</u>

Upon reviewing the factors identified in <u>Dow Jones</u>, the Court finds that it should exercise its jurisdiction over the parties in this matter.

First, there is no doubt that this action will serve a useful purpose by clarifying and settling issues relating to the extent of Mount Vernon's obligations to the Defendants. Similarly, resolution of Mount Vernon's declaratory judgment action would finalize the pending dispute between the parties and cease uncertainty regarding the payment of the stipulated judgments. Although the Doe Defendants have brought a similar suit in Connecticut Superior Court, the action that is before this Court has progressed further than the state court proceeding and includes all individuals whose rights are implicated by the coverage dispute. Whereas both the Doe Defendants and Linarte have been named as parties in the proceeding before this Court, Linarte is not a party to the state court proceeding. In the interest of finalizing the controversy and avoiding piecemeal litigation it is

important for the Court to consider a resolution that will affect all interested parties.  Accordingly, the Court's exercise of jurisdiction over this matter is a favored result.

Secondly, there is no evidence of "procedural fencing," or of a race to "res judicata" by Mount Vernon.  In fact, Mount Vernon filed its declaratory judgment action only after the Doe Defendants failed to initiate state court litigation.  Instead, the Doe Defendants' initiation of the later state court action amounts to an abuse of forum selection procedures, particularly given the fact that the choice of a federal forum will provide Mount Vernon with no substantive advantage, as Connecticut law will still apply.

Furthermore, diversity jurisdiction applies to the Connecticut Superior Court action pursuant to 28 U.S.C. §1332(a) as the matter in controversy exceeds $75,000 and is between citizens of different states.  Mount Vernon is therefore entitled to remove the state court action to Federal court under 28 U.S.C. §1441(a) which would bring the same action back before this very Court.  See Monahan v. Holmes, 139 F.Supp.2d 253, 256 (D.Conn. 2001) ("The relevant statutory authority, 28 U.S.C. § 1441(a), provides that 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court.")  In its action, Mount Vernon has invoked this Court's diversity jurisdiction pursuant to the Declaratory Judgment Act.  See U.S.C. §§ 1332, 2201.  The purpose of diversity jurisdiction is "to protect out-of-state litigants from assumed local prejudices," R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 654 (2d Cir. 1979) thus "courts should be wary of using judicially-crafted abstention doctrines to deny out-of-state litigants

a federal forum that they prefer." <u>Minot v. Eckardt-Minot</u>, 13 F.3d 590, 593 (2d Cir. 1994).  The Court finds no indication of improper motive on the part of Mount Vernon and is not inclined to strip Mount Vernon of its statutorily granted right to forum selection.

     The fact that a significant amount of time passed between the Doe Defendants' notification of Mount Vernon and their filing of a direct state court action demonstrates to the Court that Mount Vernon did not act in bad faith by bringing this action in a federal forum.  Mount Vernon was informed on November 26, 2008 of the stipulated judgments that Linarte and the Doe Defendants entered, and of the Doe Defendants' intention to bring suit if Mount Vernon failed to make payment within thirty days.  Mount Vernon subsequently waited almost four months before filing this federal action.  The Doe Defendants in turn, did not commence their direct state action until almost an additional three months had passed.  Therefore, the Court notes that Mount Vernon did not race to bring this action in an effort to procedurally bar the Doe Defendants from filing an action of their own.  The Doe Defendants were provided with ample opportunity to file an action in their court of choice but they chose not to and thus do not get the benefit of precluding Mount Vernon from proceeding with its current action.

     Lastly, the Court notes there is no indication that exercising its jurisdiction would increase friction or improperly encroach on the state court and no showing that the state court action would result in a better or more effective remedy. This action does not involve novel or complex state law issues that are better left to the state courts to decide.  The issue to be litigated, whether allegations of sexual assault and battery are covered under certain insurance policies, is a question of

contract interpretation that is well within the competency of this Court.  Absent "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case…at bar" <u>Tilley v. Anixter, Inc.</u>, 283 F.Supp.2d 729, 738 (D. Conn. 2003) this Court's exercise of jurisdiction does not improperly encroach on the domain of the state court.  In fact, this Court feels that to dismiss the present action in favor of the state court proceeding would have the opposite effect in that it would unnecessarily permit the state court to encroach upon what is unquestionably within this Court's domain due to diversity jurisdiction.  Such a result would encourage parties to file a subsequent state court proceeding in order to dismiss or stay a federal proceeding.  This action has been properly brought before this Court in good faith by Mount Vernon and will be allowed to proceed.

<u>Conclusion</u>

The Defendant's motion to dismiss and alternative motion to stay [Doc. #25] is DENIED.

IT IS SO ORDERED.

_____<u>/s/</u>_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  March 8, 2010